UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CAITLIN C. GOMEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21 CV 7 CDP |
| | ) |
| NATIONWIDE CAPITAL SERVICES, | ) |
| LLC, d/b/a Structured Settlement, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Caitlin C. Gomez moves for default judgment against defendant Nationwide Capital Services, LLC, on her claim for statutory damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. I will grant Gomez's motion and enter judgment in her favor for statutory damages in the amount of $1000. I will also award reasonable attorney's fees in the amount of $1531.25 and costs totaling $512.75.

### Background

Gomez filed her complaint on January 29, 2021, alleging that Nationwide, a third-party debt collection agency, communicated with Gomez's father on multiple occasions without her consent regarding Gomez's alleged debt on a personal installment loan, in violation of 15 U.S.C. § 1692b(2), (3), § 1692c; harassed Gomez by repeatedly calling her, leaving confidential voicemails for her father regarding

her debt, and causing Gomez's cell phone to ring repeatedly and continuously, in violation of § 1692d; and falsely represented that it could place frequent calls to third parties and disclose confidential and inaccurate information relating to Gomez's debt, in violation of § 1692e. Gomez also claims that Nationwide's conduct was unconscionable and was done for the purpose of humiliating her into making an immediate payment on the debt, in violation of § 1692f. In her complaint, Gomez requests actual damages under § 1692k(a)(1), statutory damages under § 1692k(a)(2)(A), injunctive and declaratory relief, and attorney's fees and costs.

Nationwide was served with summons and complaint on February 1, 2021. Nationwide did not respond to the complaint. The Clerk of Court entered default against Nationwide on March 9, 2021, and provided notice of this entry of default to Nationwide. Gomez now seeks default judgment against Nationwide in the amount of $3631.50, which is comprised of $1000 in statutory damages, $2118.75 in claimed attorney's fees, and $512.75 in costs.

## Discussion

Where default has been entered, the allegations of the complaint are taken as true, except as to the amount of damages; it then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868,

871 (8th Cir. 2010) (internal quotation marks and citation omitted).

The FDCPA was enacted as part of the Consumer Credit Protection Act, in part, to "eliminate abusive debt collection practices by debt collectors[.]"  15 U.S.C. § 1692(e).  Gomez's complaint here contains unchallenged factual allegations that Nationwide engaged in conduct sufficient to constitute violations of §§ 1692b-f.

Any debt collector who violates § 1692 with respect to any consumer is liable to that consumer for money damages – specifically, for actual damages and "such additional damages as the court may allow, but not exceeding $1,000[.]"  15 U.S.C. § 1692k(a)(1), (2)(A).  A successful litigant is also entitled to recover their costs of the action.  15 U.S.C. § 1692k(a)(3).  In determining the amount of liability, I must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

Gomez moves for default judgment only on her prayers for $1000 in statutory damages under 15 U.S.C. § 1692k(a)(1) and for attorney's fees and costs under § 1692k(a)(3).  Upon consideration of the unchallenged facts set out in Gomez's complaint and the factors set forth in § 1692k(b)(1), I will award Gomez $1000 in statutory damages under § 1692k(a)(2)(A).  This amount is appropriate based on Nationwide's repeated communications with third parties regarding Gomez's debt without Gomez's consent, its false claim to a third party that Gomez had written a

"bad check," its threat to Gomez that something would happen based on the false "bad check" narrative, and its threat of additional charges. Nationwide's conduct shows a knowing disregard of its legal responsibilities under the FDCPA and to Gomez as a consumer. Accordingly, I will enter judgment for Gomez and against Nationwide in the amount of $1000 for statutory damages on her FDCPA claim. I will also enter judgment for Gomez in the amount of $512.75 for costs.

Gomez also seeks $2118.75 in attorney's fees, representing 5.5 hours expended by attorney Marwan Daher at the rate of $425 per hour, and 1.25 hours expended by a paralegal at the rate of $125 per hour. The calculation of a reasonable fee begins with the lodestar amount, which is "determined by multiplying the number of hours reasonably expended by a reasonable hourly rate in the community." *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 429 n.3 (Mo. banc 2013). I may adjust this amount upon consideration of several factors, including: 1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; 2) the number of hours reasonably expended on the litigation; 3) the nature and character of the services rendered; 4) the degree of professional ability required; 5) the nature and importance of the subject matter; 6) the amount involved or the result obtained; and 7) the vigor of the opposition. *Id.* at 431.

Here, expending a total of 6.75 hours on this case is reasonable, given that

- 4 -

this is a straightforward case in an uncomplicated area of the law with which counsel has significant experience and to which there was no opposition from the opposing party.  Counsel has provided no information, however, that his $425-per-hour fee is the rate he customarily charges his clients or that other attorneys charge the same or similar rates in the community for similar services.  I will therefore reduce attorney Daher's rate to $250 per hour, which is reasonable in the circumstances of this case.  Accordingly, I will award attorney's fees totaling $1531.25, representing 5.5 hours expended by attorney Daher at the rate of $250 per hour, and 1.25 hours expended by a paralegal at the rate of $125 per hour.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Caitlin C. Gomez's motion for default judgment [8] is granted in part and denied in part.  Plaintiff shall have judgment against defendant Nationwide Capital Services, LLC, on her claim brought under the Fair Debt Collection Practices Act in the total amount of $3044, which is comprised of $1000 in statutory damages, $512.75 in costs, and $1531.25 in attorney's fees.

An appropriate default judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2021.